UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>        Plaintiff,<br><br>    v.<br><br>OMONIYI TEMITOPE ANKINTOLA, et al.,<br><br>        Defendants. | No. 2:23-cv-1208 AC P<br><br>ORDER |

      By order filed June 27, 2023, plaintiff was directed to file a completed in forma pauperis application or pay the filing fee and to submit a signed complaint. ECF No. 3. He was cautioned that failure to comply with either directive would result in a recommendation that this action be dismissed. Id. at 2. After the time for compliance passed, the court noted that plaintiff had filed only an unsigned first amended complaint; plaintiff was given another opportunity to file a signed complaint and to submit an application to proceed in forma pauperis or pay the fee. ECF No. 6. He was cautioned that failure to comply with either part of the order would result in a recommendation that this action be dismissed without further warning. Id. The time to comply with that order has now passed, and though plaintiff has filed two motions for leave to proceed in forma pauperis and a motion for appointment of counsel (ECF Nos. 7-10), he has once again failed to file a signed complaint.

It may be that plaintiff did not file a signed complaint because he was waiting for a ruling on his motion for appointment of counsel. Accordingly, plaintiff will be provided one final opportunity to comply with the court's order. **Plaintiff is advised that he is required to file a signed complaint even if he files another motion for appointment of counsel. Failure to comply will result in a recommendation that this action be dismissed without further warning**.

With respect to plaintiff's motion for appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that his is legally blind, requires assistance with reading and writing, has mobility impairments, and uses slow and simple communication. ECF No. 8 at 1. The request will be denied because the mere claim that plaintiff suffers from these conditions is not enough to establish exceptional circumstances warranting appointment of counsel. If plaintiff chooses to file another motion for appointment of counsel, he should specify how his conditions prevent him from proceeding without assistance and provide medical documentation supporting his claimed impairments.

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 8) is DENIED;

2. Within twenty-one days of the filing of this order, plaintiff shall submit a signed complaint; and

3. Failure to comply with this order will result in a recommendation that this action be dismissed without further warning.

DATED: September 20, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE