UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>             Plaintiff,<br><br>      v.<br><br>OMONIYI TEMITOPE ANKINTOLA, et al.,<br><br>             Defendants. | No.  2:23-cv-1208 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and state tort law.  He has also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and appointment of counsel.

   I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted declarations that makes the showing required by 28 U.S.C. § 1915(a).  ECF Nos. 7, 9.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).

   II.     Statutory Screening of Prisoner Complaints

   The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

   A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

   "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

1   cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

3         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4   relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

5   Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

6   content that allows the court to draw the reasonable inference that the defendant is liable for the

7   misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

8   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

9   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

10  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

12      III.    Second Amended Complaint

13        The second amended complaint[1] alleges that defendants Ankintola, Campo, Kahlon,

14  Anugwara, and Mitchell, as well as an unspecified number of Doe defendants, have violated

15  plaintiff's rights under the Eighth Amendment and state tort law. ECF No. 11. Plaintiff alleges

16  that Ankintola told him he had ordered an MRI, but plaintiff was told five months later by another

17  employee that Ankintola forgot to place the order. Id. at 4. He further asserts that Ankintola has

18  been negligent, ignored his pleas for help, and is retaliating against plaintiff for filing complaints.

19  Id. Campo, who is a correctional officer, sent plaintiff back to his assigned unit after medical

20  staff refused to provide plaintiff with proper assistance when he complained of chest pain and had

21  high blood pressure readings. Id. at 5. Campo was aware of the misconduct because he saw

22  plaintiff's blood pressure results. Id. Plaintiff alleges that on separate occasions, Kahlon and

23  Anugwara tried to give him the wrong medication for his blood pressure but plaintiff refused and

24  has not taken any medication from them since because he fears being poisoned. Id. at 6-7. On

25  another date, plaintiff requested ADA help from Mitchell, who told him she would tell one of her

---

[1] After plaintiff submitted an unsigned original complaint, he was ordered to re-file a signed copy of the complaint. ECF No. 3. Plaintiff then submitted a first amended complaint that was also unsigned (ECF No. 4) before eventually filing the signed second amended complaint (ECF No. 11).

3

co-workers to come assist plaintiff with his paperwork but no one has come to talk to him even though nearly two months have passed. Id. at 11. Finally, plaintiff asserts medical officials are retaliating against him by constantly transferring him so that he cannot get the assistance he needs to continue his lawsuits. Id. at 9.

IV.     Failure to State a Claim

    A.      Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). "First, the plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."' Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

"Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" Id. (quoting McGuckin, 974 F.2d at 1059). "Mere indifference, negligence, or medical malpractice" will not support a claim of deliberate indifference. Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1082 (9th Cir. 2013) (internal quotation marks omitted) (quoting Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

Plaintiff alleges that Ankintola forgot to order his MRI, which demonstrates negligence at most, and the allegation that Ankintola ignored plaintiff's requests for help are too conclusory to demonstrate deliberate indifference. The allegations that Kahlon and Anugwara tried to give plaintiff the wrong medication also fail to demonstrate anything more than negligence. There are no facts demonstrating that these defendants deliberately tried to give plaintiff incorrect medication or that the medication they tried to give him would have caused him harm. The complaint fails to state a claim against Campo because there are no facts demonstrating that, as a correctional officer, he would have understood the significance of plaintiff's blood pressure readings, had reason to question medical staff's decisions, or the authority to require medical staff

to treat plaintiff.  Finally, the allegations against Mitchell fail to state a claim because even if the court assumes that the lack of assistance created a delay in plaintiff's medical care, plaintiff has not identified what injury he suffered as a result of the delay or alleged facts showing that Mitchell deliberately failed to tell someone to come assist him.

Plaintiff has failed to allege facts showing that any defendant was deliberately indifferent to his serious medical needs.  The allegations in the complaint demonstrate, at most, that some of the defendants may have been negligent with regard to plaintiff's medical care, which is insufficient to state a claim for relief.

        B.        Retaliation

In order to state a claim for retaliation, plaintiff must allege facts showing that defendants took adverse action against him and that they were motivated to do so by plaintiff's protected conduct.  Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (citation omitted).  Plaintiff makes only conclusory assertions that he was denied medical care due to filing complaints, but he has not identified what medical care he was denied or made more than a conclusory assertion that it was motivated by his filing of complaints.

        C.        Doe Defendants

The complaint names an unspecified number of John Does as defendants.  ECF No. 1 at 6, 9.  While the use of fictitiously named Doe defendants is generally not favored. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted), amendment is allowed to substitute true names for fictitiously named defendants, see Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989).  Currently, plaintiff makes allegations against Doe defendants generally and fails to separately identify any Doe defendant or their conduct.  Because plaintiff has not identified any specific action taken by any separately identified Doe defendant, he fails to state any claims against them.  See Rizzo v. Goode, 423 U.S. 362, 376 (1976).  Plaintiff is advised that should he choose to amend the complaint, allegations against Doe defendants should identify each Doe defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what each individual did to violate his rights.

////

D. State Tort Law

Plaintiff has failed to state any state law tort claims because he has not alleged compliance with the Government Claims Act. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240, 1237 (2004) (for claims against the state, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint); Cal. Gov't Code § 900.6 (defining "State" as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller").

V. Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given an opportunity to file an amended complaint. If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case. Therefore, in an amended

////

complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Motions for Appointment of Counsel

Plaintiff has requested appointment of counsel. ECF Nos. 12, 13. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that he is illiterate, has no legal knowledge, and has various medical conditions that impede his ability to represent himself. ECF Nos. 12, 13. These circumstances are common to most prisoners and do not establish exceptional circumstances warranting the appointment of counsel. Furthermore, because the complaint does not state a claim for relief, the court cannot find, at this stage, that plaintiff has a likelihood of success on the merits. The court also notes that the mere claim that plaintiff suffers from various medical conditions is not enough to establish exceptional circumstances warranting appointment of counsel. If plaintiff chooses to file another motion for appointment of counsel, he should specify how his conditions prevent him from proceeding without assistance and provide medical documentation supporting his claimed impairments. For these reasons, the motions will be denied.

////

VII. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Your complaint will not be served because the facts you alleged are not enough to state a claim. You have not stated any facts showing that any defendant *purposely* refused to provide you with medical care or provided you with the wrong medication. You also have not alleged facts showing that any defendant's conduct was in retaliation for you filing grievances or stated what each individual did that you believe was retaliatory.

You may amend your complaint to try to fix these problems. Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights. If you choose to file an amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 7, 9) are GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, <u>see</u> 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: July 22, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE