1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CARL FOUST,                                    No.  2:23-cv-1208 AC P

12                  Plaintiff,

13         v.                                        ORDER

14   OMONIYI TEMITOPE ANKINTOLA, et
     al.,
15
                   Defendants.
16

17         Plaintiff is a state prisoner proceeding pro se.  Currently before the court are plaintiff's

18   third amended complaint (ECF No. 26) and request for evidence which the court construes as a

19   motion to compel (ECF No. 25).

20   I.    Third Amended Complaint

21         A.    Statutory Screening of Prisoner Complaints

22         The court is required to screen complaints brought by prisoners seeking relief against "a

23   governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

24   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

25   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

26   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

27         A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

                                                   1

1    Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

2    theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

3    640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

4    stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

5    constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

6    Franklin, 745 F.2d at 1227-28 (citations omitted).

7         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

8    claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

9    what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

10   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

11   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

12   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

13   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

14   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

15   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

16   speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

17   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

18   cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

19   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

20        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

21   relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

22   Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

23   content that allows the court to draw the reasonable inference that the defendant is liable for the

24   misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

25   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

26   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

27   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

28   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

1          B.      Allegations

2          The third amended complaint[1] appears to allege violations of plaintiff's First and Eighth

3   Amendment rights.  ECF No. 26.  Plaintiff alleges that he has been in two separate bus accidents

4   while in the custody of the California Department of Corrections and Rehabilitation (CDCR) and

5   that he has filed grievances related to those accidents and his subsequent medical care.  Id. at 2.

6   In retaliation for filing those grievances, plaintiff has been subjected to "diesel therapy," meaning

7   that he is constantly being transferred to different prisons to prevent him from accessing the

8   courts and to punish him for his grievances.  Id. at 2, 4-5.  He also alleges that after being

9   transferred to Salinas Valley State Prison, his medical needs were ignored.  Id. at 6-7.

10          C.      Failure to State a Claim

11          Aside from the caption and two pages buried in the middle of the complaint (ECF No. 26

12  at 1, 15-16), plaintiff does not clearly identify any defendants against whom he seeks to proceed,

13  and there are no allegations against the individuals listed in the caption or on the pages that

14  appear to be lists of defendants.  Though plaintiff refers to various individuals throughout the

15  complaint, he fails to clearly identify any of them as defendants against whom he seeks to

16  proceed.  Moreover, the allegations he makes are vague and conclusory, fail to show any specific

17  conduct by the individual defendants, and appear wholly unrelated to the claims in the second

18  amended complaint.  Plaintiff has failed to allege facts showing that any defendant deliberately

19  denied, delayed, or interfered with treatment for a serious medical need.  He also has not alleged

20  any facts that would support his claim that he was transferred because of the grievances he filed.

21          D.      Improper Joinder

22          The court notes that the third amended complaint is improper because it brings multiple,

23  unrelated claims, against more than one defendant.  If plaintiff chooses to amend the complaint,

24  he is advised that he may only join multiple claims if they are all against a single defendant, Fed.

25

26  [1] After plaintiff submitted an unsigned original complaint, he was ordered to re-file a signed copy
    of the complaint.  ECF No. 3.  Plaintiff then submitted a first amended complaint that was also
27  unsigned (ECF No. 4) before eventually filing the signed second amended complaint (ECF No.
    11).  Upon screening, the second amended complaint was found to not state any claims for relief
28  and plaintiff was given an opportunity to file a third amended complaint.  ECF No. 17.

1    R. Civ. P. 18(a), and he may only join defendants where the right to relief arises out of the same

2    "transaction, occurrence, or series of transactions," and "any question of law or fact common to

3    all defendants will arise in the action," Fed. R. Civ. P. 20(a)(2).  In other words, joining more than

4    one claim is only proper when it is against one defendant, and joining multiple defendants in one

5    complaint is only proper when the claims against them are based on the same facts.  Plaintiff must

6    decide which related claims and defendants he wants to pursue in this action, and any unrelated

7    claims involving different defendants must be brought in separate suits.

8                          E.      Leave to Amend

9          The third amended complaint does not state any cognizable claims for relief and plaintiff

10   will be given a final opportunity amend the complaint.  If plaintiff chooses to file a fourth

11   amended complaint, he must demonstrate how the conditions about which he complains resulted

12   in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also,

13   the complaint must allege in specific terms how each named defendant is involved.  Arnold v.

14   Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42

15   U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions

16   and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

17   Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations

18   are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

19         Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

20   his amended complaint complete.  Local Rule 220 requires that an amended complaint be

21   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

22   amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

23   1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

24   Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

25   in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

26   the original and any prior complaints no longer serve any function in the case.  Therefore, in an

27   amended complaint, as in an original complaint, each claim and the involvement of each

28   defendant must be sufficiently alleged.

                                            4

1        Should plaintiff choose to amend the complaint, he is reminded that state a claim for

2  deliberate indifference to his serious medical needs, he "must show a serious medical need by

3  demonstrating that failure to treat a prisoner's condition could result in further significant injury

4  or the unnecessary and wanton infliction of pain" and that "the defendant's response to the need

5  was deliberately indifferent." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal

6  quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

7  "Indifference 'may appear when prison officials deny, delay or intentionally interfere with

8  medical treatment, or it may be shown by the way in which prison physicians provide medical

9  care.'" Id. (quoting McGuckin, 974 F.2d at 1059).  However, "[m]ere indifference, negligence,

10  or medical malpractice" will not support a claim of deliberate indifference.  Lemire v. Cal. Dep't

11  of Corr. & Rehab., 726 F.3d 1062, 1082 (9th Cir. 2013) (internal quotation marks omitted)

12  (quoting Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

13        In order to state a claim for retaliation, plaintiff must allege facts showing that defendants

14  took adverse action against him and that they were motivated to do so by plaintiff's protected

15  conduct.  Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (citation omitted).  It is not

16  enough to say that a defendant took adverse action against plaintiff because of his protected

17  conduct.  He must allege facts that support that conclusion (e.g., timing of adverse conduct in

18  relation to protected conduct, statements of others regarding intent, etc.).

19      II.     Motion for Evidence

20        Plaintiff has filed a motion in which he appears to request that the CDCR be ordered to

21  provide him with audio/video surveillance system evidence.  ECF No. 25.  Because plaintiff has

22  not yet stated a cognizable claim and no defendant has been served, discovery is premature and

23  the motion to compel will be denied.

24      III.    Plain Language Summary of this Order for a Pro Se Litigant

25        Your complaint will not be served because you have not clearly identified the defendants

26  or the claims you are trying to make against them.  You also appear to be trying to join together

27  unrelated claims and defendants.

28        You will have one more change to amend your complaint to try to fix these problems.  If

1    you choose to amend the complaint, you should use the form provided by the court and you must

2    clearly list the individuals you want to be defendants.  You must also provide facts that show

3    exactly what each defendant did to violate your rights or to cause a violation of your rights.  You

4    do not need to attach exhibits to your complaint and should instead focus on explaining to the

5    court what your claims are.

6          If you choose to file an amended complaint, it must include all claims you want to bring.

7    Once an amended complaint is filed, the court will not look at any information in the original or

8    any prior amended complaints. **Any claims and information not in the fourth amended**

9    **complaint will not be considered.**

10                                          CONCLUSION

11         In accordance with the above, IT IS HEREBY ORDERED that:

12         1.  Plaintiff's motion for evidence (ECF No. 25) is CONSTRUED as a motion to compel

13   and is DENIED.

14         2.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28

15   U.S.C. § 1915A, and will not be served.

16         3.  Within thirty days from the date of service of this order, plaintiff may file an amended

17   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

18   Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

19   number assigned this case and must be labeled "Fourth Amended Complaint."  Failure to file an

20   amended complaint in accordance with this order will result in a recommendation that this action

21   be dismissed.

22         4.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

23   form used in this district.

24   DATED: October 9, 2024

25                                    _____

26                                    ALLISON CLAIRE
                                      UNITED STATES MAGISTRATE JUDGE

27

28

                                              6