UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>     Plaintiff,<br><br>     v.<br><br>OMONIYI TEMITOPE ANKINTOLA, et al.,<br><br>     Defendants. | No.  2:23-cv-1208 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. After plaintiff submitted an unsigned original complaint, he was ordered to re-file a signed copy of the complaint. ECF No. 3. Plaintiff then submitted a first amended complaint that was also unsigned (ECF No. 4) before eventually filing the signed second amended complaint (ECF No. 11). Upon screening, the second amended complaint was found to not state any claims for relief and plaintiff was given an opportunity to file a third amended complaint. ECF No. 17. The third amended complaint (ECF No. 26) was also found to not state any viable claims for relief (ECF No. 27), and plaintiff has now filed his fourth amended complaint (ECF No. 28).

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A

1

claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.     Factual Allegations of the Complaint

The fourth amended complaint alleges that defendants Ankintola, Campo, Kahlon, Anugwara, and Mitchell,[1] as well as an unspecified number of Doe defendants, violated plaintiff's rights under the Eighth Amendment. ECF No. 28. Plaintiff alleges that Ankintola, a physician assistant, switched plaintiff's blood pressure medication without notice, causing his blood pressure to rise to dangerous levels. Id. at 2. Since then, plaintiff's blood pressure has remained high and Ankintola has done nothing to address his now dangerous blood pressure levels. Id. Campo, who is a correctional officer, sent plaintiff back to his assigned unit after medical staff refused to provide plaintiff with proper assistance when he complained of chest pain

---

[1] Although plaintiff identifies only Ankintola as a defendant in the caption, he is also clearly attempting to state claims against the other individuals identified here and the claims against them will accordingly be screened.

2

and had high blood pressure readings.  Id. at 3.  Campo was aware of the misconduct because he saw plaintiff's blood pressure results.  Id.  Plaintiff also alleges that on separate occasions, Kahlon and Anugwara tried to give him the wrong medication for his blood pressure but plaintiff refused and has not taken any medication from them since because he fears being poisoned.  Id. at 4, 6.  On another date, plaintiff requested ADA help from Mitchell, who told him she would tell one of her co-workers to come assist plaintiff with his paperwork but no one has come to talk to him even though nearly two months have passed.  Id. at 7.  Finally, plaintiff asserts medical officials are retaliating against him by constantly transferring him so that he cannot get the assistance he needs to continue his lawsuits.  Id. at 5.

III.   Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a valid claim for relief pursuant to the Eighth Amendment against defendant Ankintola based on his failure to address plaintiff's increased blood pressure levels.

IV.   Failure to State a Claim

However, the allegations against Campo, Kahlon, Anugwara, and Mitchell are identical to those contained in the second amended complaint and therefore once again fail to state any claims for relief.  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  "First, the plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."'  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent."  Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

"Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'"  Id. (quoting McGuckin, 974 F.2d at 1059).  "Mere indifference, negligence, or medical malpractice" will not support a claim of deliberate indifference.  Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1082 (9th Cir. 2013) (internal quotation marks omitted) (quoting

1    Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

2        As the court previously found,

> [t]he allegations that Kahlon and Anugwara tried to give plaintiff the wrong medication also fail to demonstrate anything more than negligence. There are no facts demonstrating that these defendants deliberately tried to give plaintiff incorrect medication or that the medication they tried to give him would have caused him harm. The complaint fails to state a claim against Campo because there are no facts demonstrating that, as a correctional officer, he would have understood the significance of plaintiff's blood pressure readings, had reason to question medical staff's decisions, or the authority to require medical staff to treat plaintiff. Finally, plaintiff's allegations against Mitchell fail to state a claim because even if the court assumes that the lack of assistance created a delay in plaintiff's medical care, he has not identified what injury he suffered as a result of the delay or alleged facts showing that Mitchell deliberately failed to tell someone to come assist him.

ECF No. 17 at 4-5.

    Plaintiff's allegations that unspecified medical officials are subjecting him to constant retaliatory transfers are also identical to claims raised in the second amended complaint and similarly fail to state a claim for relief. As before, the allegations are conclusory and fail to identify any specific conduct by any specific individual. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citation omitted) (retaliation claim must include allegation that defendant took adverse action against plaintiff because of his protected conduct and that the action chilled plaintiff's exercise of First Amendment rights and lacked legitimate correctional goal); Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981) (complaint must allege in specific terms how each defendant is involved).

    V.    No Further Leave to Amend

    Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

    The undersigned finds that, as set forth above, the fourth amended complaint fails to state any claims upon which relief may be granted against Campo, Kahlon, Anugwara, and Mitchell

and the Doe defendants.  Plaintiff has already been given opportunities to amend the complaint and advised what kind of information he needed to provide.  Given that the allegations against these defendants are identical to those previously made in the second amended complaint, it does not appear that further amendment would result in cognizable claims against them.  As a result, leave to amend would be futile and the claims against Campo, Kahlon, Anugwara, and Mitchell and the Doe defendants should be dismissed without leave to amend.

VI.   Plain Language Summary of this Order for Party Proceeding Without a Lawyer

This case is going forward on your Eighth Amendment claim against defendant Ankintola. It is being recommended that the claims against all other defendants be dismissed without leave to amend because you have been given multiple chances to amend and you have not provided any additional facts to support your claims.  A U.S. District Judge will make the final decision.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The allegations of the fourth amended complaint state a claim for deliberate indifference against defendant Ankintola.  Service is appropriate for this defendant.

2. E-service on defendant Ankintola will be directed by separate order.  Plaintiff should not complete service paperwork for this defendant unless ordered to do so by the court.

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff's claims against defendants Campo, Kahlon, Anugwara, and Mitchell and the Doe defendants be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

////

////

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 5, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE