UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>   Plaintiff,<br><br>   v.<br><br>OMONIYI TEMITOPE AKINTOLA, et al.,<br><br>   Defendants. | No. 2:23-cv-1208 DJC AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I.      Procedural History

On screening the fourth amended complaint, the court found that plaintiff had stated a claim for deliberate indifference against defendant Akintola; the claims defendants Campo, Kahlon, Anugwara, and Mitchell, as well as the Doe defendants, were dismissed without leave to amend. ECF Nos. 31, 41. In response to the complaint, defendant Akintola filed a motion to dismiss. ECF No. 45. Despite receiving numerous extensions of time to file a response to the motion, plaintiff has instead filed a fifth amended complaint which was accompanied by a motion to appoint counsel. ECF Nos. 58, 59. He has also filed another motion for an extension of time to respond to the motion to dismiss (ECF No. 61), despite being advised that no further

1

extensions would be granted absent a showing of extraordinary circumstances (ECF No. 55). In response to the fifth amended complaint, defendant withdrew his motion to dismiss and requested screening of the fifth amended complaint. ECF No. 60.

II.     Fifth Amended Complaint

A party may amend the complaint once as a matter of course within twenty-one days of serving the complaint or within service of a motion to dismiss. Fed. R. Civ. P. 15(a)(1). All other amendments may be made "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff is well past the time for filing an amended complaint as a matter of right, and the court has not granted him leave to file a fifth amended complaint. However, defendant's withdrawal of his motion to dismiss and request for screening of the fifth amended complaint constitutes consent to the amendment and the court will proceed to screen the amended complaint.

III.    Statutory Screening of Prisoner Complaints

A. Legal Standard

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id., 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the

court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### B. Factual Allegations

The fifth amended complaint alleges that defendants Ankintola, Campo, Kahlon, and Anugwara violated plaintiff's rights under the Eighth Amendment. ECF No. 59. Some of the allegations against Ankintola and Kahlon are identical to those found in the fourth amended complaint. Compare ECF No. 28 at 2, 4 with ECF No. 59 at 2, 5. Specifically, plaintiff alleges that Ankintola, a physician assistant, switched his blood pressure medication without notice, causing his blood pressure to rise to dangerous levels. Id. at 2. Since then, plaintiff's blood pressure has remained high and Ankintola has done nothing to address his now dangerous blood pressure levels. Id. Plaintiff also re-alleges that on May 26, 2023, Kahlon tried to give him the wrong medication for his blood pressure but plaintiff refused and has not taken any medication from since because he fears being poisoned. Id. at 5. Plaintiff also alleges that on May 19, 2023, Kahlon and Anugwara, both nurses, took his blood pressure in the presence of Campo, a correctional officer, and found it to be dangerously high. Id. at 4. They sent him out to the hospital the next day. Id.

### C. Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a valid claim for relief pursuant to the Eighth Amendment against defendant Ankintola. Plaintiff has sufficiently alleged facts showing that after Ankintola changed his medication, his blood pressure shot up to dangerous levels, and that Ankintola was notified of

////

////

3

change but took no action to address the problem.[1]  Although the complaint is not a model of clarity, the allegations are sufficient to indicate that Ankintola was notified of the issue.  To the extent plaintiff alleges facts indicating he stopped taking his medication after May 26, 2023, he has alleged that his blood pressure had reached dangerous levels prior to that date.  See ECF No. 59 at 2, 4 (alleging high readings on May 18 and 19, 2023).  Defendant Ankintola will therefore be required to respond to the fifth amended complaint.

### D. Failure to State a Claim

The allegations that Kahlon failed to provide plaintiff with the correct medication on May 26, 2023, and that Campos was present when medical staff took his blood pressure and found it to be high, are identical to those made in the fourth amended complaint.[2]  The district judge has already dismissed these claims without leave to amend (ECF No. 41), and plaintiff has offered no new or different facts in support of these claims.  To the extent plaintiff now alleges that the high blood pressure readings Campos witnessed were made by Kahlon and Anugwara, he fails to state a claim against these defendants for deliberate indifference because he also alleges that they had him sent to the hospital the next day because of the readings.  See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (deliberate indifference shown by a purposeful act or failure to respond to plaintiff's pain or medical need and harm caused by indifference).

### E. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the fifth amended complaint fails to state

---

[1] The fact that plaintiff has not identified the specific date on which Ankintola changed his medication does not render plaintiff's allegations insufficient, see Twombly, 550 U.S. at 555 ("a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" (citations omitted)), and this information can easily be sought in discovery.

[2] The allegations against Kahlon are word-for-word identical, while those against Campos are substantively identical.  Compare ECF No. 28 at 3-4 with ECF No. 59 at 4-5.

any claims upon which relief may be granted against Campo, Kahlon, and Anugwara. The claims against defendants Kahlon and Campos are identical to those in the fourth amended complaint and were previously dismissed by the district judge without leave to amend. With respect to the claim that Kahlon and Anugwara took plaintiff's high blood pressure readings on May 19, 2023, plaintiff has already been given multiple opportunities to amend the complaint and continually failed to state any claims against these defendants. Given plaintiff's continued failure to allege facts sufficient to state claims against these defendants, and that the allegations against these defendants show that they sent him to the hospital, it does not appear that further amendment would result in cognizable claims against them. As a result, leave to amend would be futile and the additional claim against Kahlon and Anugwara should be dismissed without leave to amend.

IV.     Motion to Appoint Counsel

Plaintiff has once again requested the appointment of counsel. ECF No. 58. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests the appointment of counsel on the grounds that he is suffering from various medical conditions, evidence of the misconduct he has experienced is on video, and he is going to check into the hospital upon his release from prison. ECF No. 58. None of these

////

circumstances constitutes and extraordinary circumstance warranting the appointment of counsel and the motion will be denied.

V.  Plain Language Summary of this Order for Party Proceeding Without a Lawyer

This case is going forward on your Eighth Amendment claim against defendant Ankintola. Your claims against Campos and your claim against Kahlon for giving you the wrong medication have already been dismissed without leave to amend and you have not made any additional factual allegations to support these claims. It is being recommended that the claims against Kahlon and Anugwara based on taking your blood pressure be dismissed without leave to amend because you also allege that they sent you to the hospital in response to the high readings.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel (ECF No. 58) is DENIED;

2. Defendant's motion to screen the complaint (ECF No. 60) is GRANTED;

3. Plaintiff's motion for an extension of time to respond to the motion to dismiss (ECF No. 61) is DENIED as moot;

4. All claims against defendant Campos and the claims against defendant Kahlon for giving plaintiff the wrong medication remain dismissed in accordance with the January 21, 2025 order dismissing these claims without leave to amend (ECF No. 41); and

5. Within twenty-one days of the service of this order, defendant Ankintola shall file a response to the fifth amended complaint.

IT IS FURTHER RECOMMENDED that the claims against defendants Kahlon and Anugwara based on taking plaintiff's blood pressure be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: August 28, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE